TEACHERS RETIREMENT SYSTEM — REALIZED GAINS Under the Teachers' Retirement System statutes, the residue remaining from gains from investments after certain specified deductions are made, is to be deposited in the Retirement Benefit Fund. Subject to such statutory provisions, however, the proper method of crediting gains and charging losses arising from investments of funds of the Teachers' Retirement System is governed by the accounting procedures prescribed by the State Examiner and Inspector. The Board of Trustees is not prohibited from authorizing the exchange of securities which for accounting purposes results in a loss in excess of funds accumulated in the Reserve for Investment Fluctuations Fund so long as the transaction is consistent with the statutory requirement of exercising prudent judgment and care in the making of investments as required by 70 O.S. 17-107 [70-17-107] (1974). The Attorney General has considered your request for an opinion wherein you ask the following questions: "1. Can the Board of Trustees of the Teachers' Retirement System of Oklahoma deposit any realized gains from the sale or exchange of securities (bonds, stock, etc.) held by the Board of Trustees of the Teachers' Retirement System in the Retirement Benefit Fund? "2. Can the Board of Trustees of the Teachers' Retirement System of Oklahoma charge against the Retirement Benefit Fund any realized losses which may occur in the sale or exchange of securities (bonds, stock, etc.) held by the Board of Trustees of the Teachers' Retirement System? "3. Can the Board of Trustees of the Teachers' Retirement System authorize the exchange of securities which for accounting purposes results in a loss in excess of funds accumulated in the Reserve for Investment Fluctuations Fund?" As to your first question 70 O.S. 17-108 [70-17-108](3) (1974) provides: "(3) The Interest Fund is hereby created to facilitate the crediting of interest to the various other funds to which interest is to be credited. All income, interest and dividends derived from the deposits and investments authorized by this act shall be paid into the Interest Fund. On June 30, each year, interest shall be transferred to the other funds as herein provided." Title 70 O.S. 17-107 [70-17-107] (1974) provides for crediting the interest earned on investments as follows: "The interest earned on the investments in the Teachers' Retirement System of Oklahoma shall be credited in the following manner: "(a) Money on deposit in the Teachers' Deposit Fund or Tax Sheltered Annuity Fund shall be credited with interest annually compounded. "(b) One-half of one percent (1/2 of 1%) of the annual interest earned on investments shall be credited to the Investment Fluctuations Fund, not to exceed one percent (1%) of the total investments. "(c) There shall be deducted from the annual interest on investments an amount necessary for the amortization of bonds purchased and owned by the Teachers' Retirement System of Oklahoma. "(d) There shall be deducted from the annual interest on investments an amount of money necessary for the operation of the Teachers' Retirement System of Oklahoma as determined by the Board of Trustees. "(e) Any residue remaining in the interest Fund after the requirements of subsections (a), (b), (c) and (d) have been fully met shall be used for the purpose of paying retirement benefits to the retirees of the Teachers' Retirement System of Oklahoma and transferred to the Retirement Benefit Fund; the interest income for 1968-69 and each succeeding year thereafter shall be distributed to the various funds each month as the interest is collected." Pursuant to the above statutes, gains on the investment of securities are placed in the Interest Fund. Deductions are made from the Interest Fund for administrative expenses, Investment Fluctuations Fund, etc., and any residue remaining in the Interest Fund is required to be transferred to the Retirement Benefit Fund. Subject to such statutes, however, the proper method for crediting gains on investments would seem to be essentially a question of accounting procedure which is under the supervision of the State Examiner and Inspector. The duties of the State Examiner and Inspector in this regard are provided in 74 O.S. 214 [74-214] (1971) which states in part: "It shall be the duty of the State Examiner and Inspector to prescribe a uniform system of bookkeeping for the use of all treasurers, so as to afford a suitable check upon their mutual acts and insure a thorough inspection, and the safety of the state and county funds. He shall have full authority to prescribe a system of bookkeeping for all county officers and expose false and erroneous systems of accounting, and when necessary instruct or cause to be instructed the State and county officers in the proper mode of keeping the accounts . . . ." As to your second question, we find no statutes specifying the manner in which losses occurring from investments should be charged. The guidance of the State Examiner and Inspector should be sought, therefore, in determining the proper method of charging losses from investments. As to your third question, 70 O.S. 17-108 [70-17-108](7) (1974), provides for the Reserve for Investment Fluctuations Fund as follows: "The Reserve for Investment Fluctuations Fund shall be the Fund in which one-half of one percent (1/2 of 1%) of the interest earnings shall be deposited each year until an amount equal to one percent (1%) of the total investments shall be accumulated, and such Fund shall thereafter be maintained at such level. Upon proper resolution by the Board of Trustees transfers may be made from this Fund to reimburse the investment account of other funds wherein a deficit shall have accrued." The duties of the Board of Trustees of the Teachers' Retirement System are provided by 70 O.S. 17-107 [70-17-107] (1974): "The Board of Trustees shall be the trustees of the several funds created by this act and shall have full power to invest and reinvest such funds subject to the following limitations and restrictions: All retirement funds are received by the State Treasurer of Oklahoma from contributions of teachers and employers as herein provided may be invested in any property, real, personal or mixed in which an individual may invest his own funds. In making investments, the Board of Trustees shall exercise the judgment and care in the circumstances then prevailing, which men of prudence, discretion and intelligence exercise in the management of their own affairs, not in regard to speculation but in regard to the permanent disposition of their is, considering the probable income as well as the probable of their capital . . . ." (Emphasis added) Under the above statute, the Board of Trustees has been delegated owner to invest and reinvest" funds of the Teachers' Retirement n unless specifically limited or restricted. The statute establishing the Reserve for Investment Fluctuations Fund does not e a limitation or restriction on the power of the Board of Trustees have to the exchange of securities. Rather, the statute provides for a re fund which is available to reimburse deficits which occur to the t of funds accumulated in the reserve fund. So long as the transaction is consistent with the statutory requirement of exercising judgment and care in the making of investments as required 70 O.S. 17-107 [70-17-107] (1974), the Board of Trustees may authorize exchange of securities. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Under the Teachers' Retirement statutes, the residue remaining from gains from investments r certain specified deductions are made, is to be deposited in the requirement Benefit Fund. Subject to such statutory provisions, reverse, the proper method of crediting gains and charging losses from investments of funds of the Teachers' Retirement System governed by the accounting procedures prescribed by the State Examiner and Inspector. The Board of Trustees is not prohibited from exchange of securities which for accounts in a loss in excess of funds accumulated in the Reserve for vestment Fluctuations Fund so long as the transaction is consistent the statutory requirement of exercising prudent judgment and care in the making of investments as required by 70 O.S. 1-107 [70-1-107] (1974). (Joe C. Lockhart)